# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                         Case No. 2:06-cr-20415

BRIAN W. LAMBKA,

        Defendant.

_____/

## ORDER DENYING MOTION TO TERMINATE SUPERVISED RELEASE

On August 14, 2008, Defendant was sentenced, pursuant to a guilty plea, to a term of eighteen months imprisonment, to be followed by three years of supervised release. Defendant has since served his custodial sentence and completed almost two years of his supervised release. In the instant motion, Defendant requests that the court terminate the remainder of his supervised release. Because the court does not find such a termination warranted under 18 U.S.C. § 3583(e)(1), the court will deny Defendant's motion.

Under § 3583(e)(1), the court has discretion to terminate a criminal defendant's term of supervised release if the defendant has completed at least one year of supervised release and the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In determining whether a termination is warranted, the court must also consider the sentencing factors listed in 18 U.S.C. § 3553(a), including the need for a defendant's

sentence "to reflect the seriousness of the offense . . . and to provide just punishment for the offense." *Id.* § 3553(a)(2)(A).

In his motion, Defendant advances several circumstances that he believes warrant the early termination of his supervised release. First, he cites the fifty hours of volunteer work he has voluntarily logged since his release from incarceration. Second, Defendant notes that, since his release, he has been steadily employed, allowing him to continue making payments to the IRS pursuant to his court-ordered restitution. Third, he emphasizes that, due to a stroke he suffered prior to his incarceration, he continues to have cognitive difficulties and trouble communicating. Finally, Defendant reports that his two sons, who are members of the Armed Forces, are soon scheduled to deploy overseas, and he wishes to have the freedom to travel out of the country and visit them without first having to seek permission from the court.

The court has carefully considered Defendant's motion under the standard set forth in § 3583(e)(1) and the factors listed in § 3553(a). The court approves, of course, of Defendant's charitable works and current employment, and notes the other factors he advances, but finds that an early termination of his supervised release would not be appropriate. The scope of the criminality in this case is almost beyond calculation. Defendant assisted in perpetrating a sophisticated, complex scheme to defraud the IRS of more than $50,000,000 in payroll taxes. In addition, thousands of individual employees of Defendant's firm found their retirement plans measurably diminished, even destroyed. As of December 8, 2011, Defendant had repaid only $1,700.00 in restitution. In light of the seriousness of Defendant's offense and the need for just

2

punishment, as well as his continuing and substantial restitution obligation, termination

of his supervised release would not serve the interests of justice.  Accordingly,

IT IS ORDERED that Defendant's motion to terminate supervised release [Dkt.

# 174] is DENIED.

 s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  January 19, 2012


I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, January 19, 2012, by electronic and/or ordinary mail.

 s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522
